## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| LESLIE J. MURPHY, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>v<br><br>SAMUEL M. INMAN, III, JOHN F. SMITH, BERNARD M. GOLDSMITH, WILLIAM O. GRABE, LAWRENCE DAVID HANSEN, ANDREAS MAI, JONATHAN YARON, and ENRICO DIGIROLAMO,<br><br>                    Defendants. | Case No.<br>Hon. |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 *et seq.*, the above-named Defendants, by their attorneys, remove this action from the Circuit Court for Oakland County, Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division.  In support of removal, Defendants state:

## I.      Introduction and Background

1.      Defendants are former officers and directors of Covisint Corporation ("Covisint").  Each Defendant consents to the removal of this action to this Court.

2.     Plaintiff alleges that he is an individual and was a shareholder of Covisint.

3.     On June 30, 2017, Plaintiff filed an alleged "shareholder class action" in Oakland County Circuit Court against Defendants, Case No. 17-159571-CB, alleging that Defendants breached their fiduciary duties in connection with a then-proposed acquisition of all outstanding stock of Covisint by OpenText Corporation (the "Initial Complaint").  (A copy of the Initial Complaint is attached as Exhibit 1.)

4.     The Initial Complaint does not allege the state of Plaintiff's citizenship, nor identify the location of Plaintiff's residence.

5.     Plaintiff did not serve Defendants with the Summons and [Initial] Complaint in a manner authorized under the Michigan Court Rules.  Instead, Plaintiff hand delivered a copy of the Summons and [Initial] Complaint to Covisint's corporate headquarters.

6.     On July 25, 2017, a majority of Covisint's shareholders voted to approve an Agreement and Plan of Merger (the "Merger Agreement"), through which a wholly-owned subsidiary of OpenText, Cypress Merger Sub, Inc. ("Merger Sub"), was merged with and into Covisint, and each share of Covisint's common stock (other than shares held by Covisint, OpenText, Merger Sub, or any

of their respective subsidiaries) were cancelled and converted into the right to receive $2.45 in cash per share.  In substance, as Plaintiff alleges, the holders of Covisint common stock received $2.45 in cash for each of the approximately 40.9 million shares outstanding as of the effective date of the merger, or total "Merger Consideration" of in excess of $100 million.  (*See* "Amended Complaint for Breach of Fiduciary Duties," filed on September 25, 2017, with the Oakland County Circuit Court (the "Amended Complaint"), ¶¶ 3, 4, 9 n. 4; a copy of the Amended Complaint is attached as Exhibit 2).

7.     On July 26, 2017, counsel for Plaintiff and Defendants held a telephone conference to discuss (a) whether Defendants counsel would accept service of the Summons and [Initial] Complaint on behalf of Defendants, and, if so (b) agreed dates for Defendants' response to the Complaint and to discovery requests Plaintiff's delivered with the Complaint.  Plaintiff's counsel advised that he would be filing an amended complaint, given the approved sale of Covisint's stock to OpenText.  No agreement was reached on the telephone conference to the proposed acceptance of service or schedule for discovery requests.

8.     On September 5, 2017, Plaintiff filed the Amended Complaint alleging, *inter alia,* that (a) the process Defendants used to approve the merger with

OpenText was unfair to Covisint's former shareholders, and (b) the consideration paid for Covisint's stock was inadequate.

9.     Plaintiff's Amended Complaint does not allege the state of Plaintiff's citizenship, nor identify the location of Plaintiff's residence.

10.     On September 8, 2017, in response to an email query by Defendants' counsel, Plaintiff's counsel advised that Plaintiff is a resident of Nashville, Tennessee.  (*See* Exhibit 3.)

11.     None of the Defendants are citizens of Tennessee.  Defendants Mai, Smith and Digiramo reside in Michigan; Defendants Grabe and Goldsmith reside in Florida; Defendants Inman and Yaron reside in California; and Defendant Hansen resides in Texas.

12.     As Defendants were not served with process in the Circuit Court action in a manner authorized under Michigan Court Rules, and service of process was not otherwise accepted or waived, the time within which Defendants would have been required to serve an answer or other responsive pleading in that court did not commence running.  Defendants have not yet served an answer or other responsive pleading in the Circuit Court action.

## II.    This Notice of Removal Is Timely

13.    Pursuant to 28 U.S.C. § 1446(b)(3), where, as here, it cannot be ascertained that an initial pleading is removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

14.    Plaintiff's Initial Complaint and Amended Complaint did not disclose the state of Plaintiff's citizenship nor the location of Plaintiff's residence.  This Notice of Removal is timely because it is filed within thirty days of Defendants' receipt of Plaintiff's counsel's email of September 8, 2017 disclosing that Plaintiff is a resident of Tennessee and, therefore, that there is complete diversity between the parties.  *See e.g.*, *Inovision Software Solutions, Inc. v. Sponseller Group, Inc.*, Case No. 15-10390, 2015 WL 3932542, *4-5 (E.D. Mich., June 26, 2015) (holding plaintiff's email stating that amount in controversy exceeds $75,000 was an "other paper" sufficient to make defendant's removal timely under 28 U.S.C. § 1446(b)(3)).

### III. This Court Has Jurisdiction Under 28 U.S.C. § 1332

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441, because the action could have been filed in this Court under 28 U.S.C. § 1332.

16. This is an action over which the Court has diversity jurisdiction under the provisions of 28 U.S.C. § 1332(a)(1).

17. First, as noted above, there is complete diversity of citizenship between Plaintiff, a citizen of Tennessee, and all of the Defendants are citizens of other states.

18. Second, Plaintiff's Amended Complaint demands equitable relief (rescission of the Merger Agreement) and unspecified monetary damages arising from Defendants' alleged wrongdoing. (Amended Complaint, p. 58). Where a plaintiff does not specify the amount of damages sought, "Defendants need only show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount." *In re Cardizem CD Antitrust Litigation*, 90 F. Supp.2d 819, 825 (1999) (citation omitted).

19. Plaintiff also brings this case as a putative class action on behalf of himself and Covisint's former shareholders seeking an unspecified amount damages for Defendants' alleged breaches of the fiduciary duty arising under MCL

§ 450.1541a ("§ 541a") and the common law, in (i) deciding to sell the company in or around July 2017 (as opposed to waiting and "pursuing other strategic alternatives" sometime later), or (ii) purportedly failing to use a fair process to maximize the purchase price of the approximately 40.9 million shares of Covisint common stock outstanding at the time of the merger.  (Amended Complaint, ¶¶ 35, 127, 167, 168, 172, 174).

20.    Ordinarily, each member of a putative class would be required to "independently satisfy the jurisdictional amount-in-controversy requirement to meet the elements of 28 U.S.C. § 1332."  *In re Cardizem*, 90 F. Supp2d at 825 (citations omitted).  But the damages claimed for each putative class member may be aggregated, for purposes of determining the amount-in-controversy, when, as in this case, the putative class members have common and unified—rather than separate and distinct—claims.  *Id.* (citations omitted).  *See also Eagle v. American Tel. and Tel. Co.*, 769 F.2d 541, 547 (1985) ("If the claims are derived from rights that [the shareholders] hold in group status, the claims are common and undivided. If not, the claims are separate and distinct.").

21.    Under Michigan corporate law, a shareholder may sue corporate directors and officers directly (i.e., for a separate recovery of a measure of damages for each shareholder), as opposed to bringing a shareholder derivative action, only

in two narrow circumstances:  (a) where the shareholder "has sustained monetary loss separate and distinct from that of other stockholders generally[,]" *Christner v. Anderson, Nietzke & Co., P.C.*, 433 Mich. 1, 9 (1989) (all shareholders except plaintiff received distribution on liquidation); or (b) if "he 'can show a violation of a duty owed directly to [him] that is independent of the corporation.'"  *Belle Isle Grill Corp. v. Detroit*, 256 Mich. App. 463, 474 (2003), citing *Michigan Nat'l Bank v. Mudgett*, 178 Mich. App. 677, 679-680 (1989).

22.    Plaintiff here does not allege that he or the other former Covisint shareholders in the putative class incurred a monetary loss separate and distinct from all shareholders in the class, nor does Plaintiff allege a breach of any duty owed directly to him that is independent of the Defendant directors' or officers' duties to the corporation.  Plaintiff's claims alleged in this case are common to all Covisint shareholders, and derive from the allegedly inadequate consideration paid ratably to all putative class members under the Merger Agreement, and/or the purported breach of duty by the Defendants in "decid[ing to sell[] the Company now" [in July 2017], "rather than pursuing other strategic alternatives and revisiting a sale of the Company in a year or two down the road."  (Amended Complaint ¶¶ 7, 8, 127)  As such, Plaintiff's alleged claims could have been brought, if at all, only through and as a shareholder derivative action, and the

amount-in-controversy must be assessed based on the aggregated relief that would be available in a derivative action. *See Eagle v. American Tel. and Tel. Co.*, 769 F.2d at 547; *see also Elsman v. Standard Federal Bancorporation*, No. 206512, 1999 WL 33453645 (Mich. Ct. App., March 26, 1999).

23.  As the court explained in *Elsman*:

> In this case, we find no error in the trial courts conclusion that plaintiffs' claims are derivative inasmuch as they allege violations of duties owed to the corporation that caused injury to the corporation itself.  While we recognize that, as a result of the corporation's alleged injuries by virtue of the sale of stock at a price substantially less than what it was worth, plaintiffs were, in turn, indirectly harmed because they received less money for their shares after the merger, the true harm, if any, was sustained by the company and plaintiffs' harm was derivative.  [citation omitted]

*Accord Estes v. Idea Engg. & Fabrications, Inc.*, 250 Mich. App. 270, 285 (2002) (the "plaintiffs in § 541a suits . . . bring their suits as derivative actions. . . . [T]he remedy under § 541a is for the benefit of the corporation and the harm done to it  . . . .").

24.  Plaintiff alleges that the $2.45 per share price paid in the merger for Covisint's stock was at least 30 cents per share lower than the highest range of bids Covisint previously received  (Amended Complaint, ¶ 99) and that the "shares were worth *up to $3.97 [per share] above the Merger Consideration*."  (*Id*. ¶ 5). Plaintiff also alleges that there were 40.9 million shares of Covisint common stock

outstanding at the time of the merger, owned by numerous shareholders. (Amended Complaint, ¶ 167).

25.     Although Defendants deny that Plaintiff's claims have merit and that Plaintiff (or the putative class) has incurred damages as a result of Defendants' alleged actions, the amount in controversy would be, according to Plaintiff, at least $12,270,000 (i.e., 40.9 million shares x 30 cents per share), which is well over the $75,000 jurisdictional threshold.

## IV.   Venue Is Proper In This Court

26.     Venue is proper in this Court because the action being removed was filed in Oakland County, Michigan, and relates to the alleged breach of duties by Defendants in Oakland County, Michigan, which is within this Court's District and Division.  *See* 28 U.S.C. § 123(a)(3).  Thus, venue is proper in this Court because it is the district and division "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  This action is related to three other putative class actions against substantially the same defendants and concerning the same transaction, which were previously filed in this Court and consolidated under the caption *In re Covisint Corp. Shareholder Litigation*, Civil Action No. 2:17-cv-11958-RHC-DRG, consolidated with 2:17-cv-12000-SJM-APP and 2:17-cv-12183-SJM-RSW (E.D. Mich.)

## V.     Pleadings and Process

27.     As required by 28 U.S.C. § 1446(d), Defendants attach copies of all state court process and pleadings and all other papers on file with the state court to this Notice of Removal as Exhibits 1 and 2.

## VI.    Notice Given

28.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of Oakland County Circuit Court and also being served upon counsel for Plaintiff.  (Exhibit 4).

29.     This Notice of Removal is signed in accordance with Fed. R. Civ. P. 11.

30.     The necessary filing fees have been paid simultaneously with the filing of this Notice of Removal.

Wherefore, Defendants respectfully request that this case be removed to the United States District Court for the Eastern District of Michigan, Southern Division for all future proceedings in this matter.

Respectfully submitted,

s/Steven M. Ribiat
BROOKS WILKINS SHARKEY & TURCO PLLC
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
(248) 971-1800
ribiat@bwst-law.com
P45161

Christopher H. McGrath
Paul Hastings LLP
695 Town Center Drive, 17th Floor
Costa Mesa, CA 92626
(714) 668-6200
chrismcgrath@paulhastings.com
*Co-Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, and I have served a copy of the foregoing paper by first-class mail on:

Sara K. MacWilliams (P67805)
**MacWilliams Law PC**
838 W. Long Lake Road, Suite 100
Bloomfield Hills, MI 48302
(248) 432-1586
sm@macwilliamslaw.com
*Attorney for Plaintiff*

s/Steven M. Ribiat
BROOKS WILKINS SHARKEY & TURCO PLLC
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
(248) 971-1800
ribiat@bwst-law.com
P45161
Co-Counsel for Defendants